Matter of Patouris (2025 NY Slip Op 01894)

Matter of Patouris

2025 NY Slip Op 01894

Decided on April 01, 2025

Appellate Division, First Department

Per Curiam 

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 01, 2025
SUPREME COURT, APPELLATE DIVISION
First Judicial Department

Present — Hon. Sallie Manzanet-Daniels Justice Presiding
Cynthia S. Kern Lizbeth González John R. Higgitt LlinÉt M. Rosado
Justices.

Motion No. 2024-06357|Case No. 2024-02371|

[*1]In the Matter of Nicholas Patouris an attorney: Attorney Grievance Committee for the First Judicial Department, Petitioner, Nicholas Patouris (OCA Atty Reg. 2072577), Respondent.

Disciplinary proceedings instituted by the Attorney Grievance Committee for the First Judicial Department. Respondent, Nicholas Patouris, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Second Judicial Department on September 24, 1986.

Jorge Dopico, Chief Attorney,
Attorney Grievance Committee, New York
(Norma I. Lopez, of counsel), for petitioner
Respondent pro se.

Per Curiam 

Motion No. 2024-06357 — January 13, 2025
In the Matter of Nicholas Patouris, an attorney
Per Curiam
Respondent Nicholas Patouris was admitted to the practice of law in the State of New York by the First Judicial Department on September 24, 1986. At all times relevant to this proceeding, he maintained a business address within the First Judicial Department.
On or about June 20, 2022, the Attorney Grievance Committee (AGC) received a complaint alleging that complainant E.I. (E.I.) retained respondent to represent her in the sale of her interest in a Greek property to her stepmother. After respondent received the proceeds of the sale from the stepmother, he failed to provide the funds to E.I. On August 9, 2022, the AGC emailed the complaint to respondent. Notwithstanding repeated requests by the AGC, respondent neither responded to its inquiries nor submitted an answer to the complaint.
On November 17, 2022, respondent informed an AGC paralegal by telephone that he was blind and incapacitated. He claimed that he did not receive any documents from the AGC, had not been in his office for months, and was unable to read his emails. Respondent further maintained that he had paid E.I. the proceeds from the sale of the property. Following this communication, the AGC was unable to make further contact with respondent. The AGC thereafter obtained a subpoena ad testificandum from this Court, which the process server was unable to serve.
On January 19, 2023, the AGC received an additional complaint from complainant K.S. (K.S.), a Greek attorney representing 37 beneficiaries to an estate, who allegedly hired respondent as local counsel in January 2005 to assist with that estate. According to the complaint, respondent was appointed co-executor of the estate on July 15, 2011. In 2014, a $1,425,000 settlement was obtained, and the funds were deposited into an account at Alma Bank where respondent was a signatory. K.S. alleged that respondent wrote unauthorized checks to himself in the aggregate amount of $782,032.
The AGC emailed the new complaint to respondent and received no response. On July 11, 2023, one day prior to the answer's due date, respondent called the AGC and requested to speak with a paralegal. Respondent informed the paralegal that he was traveling to Greece that night to retire and requested an extension to submit his answer. The AGC granted the extension. Nonetheless, respondent failed to submit an answer or respond to the AGC's subsequent efforts to contact him. The AGC then obtained a subpoena [*2]ad testificandum from this Court, but the process server was unable to serve respondent.
By motion dated December 19, 2024, the AGC seeks an order, in accordance with the Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.9(a)(3), immediately suspending respondent from the practice of law until further order of this Court. This motion is based on respondent's failure to cooperate with the AGC investigation.
We find that the AGC met its burden, and respondent should be immediately suspended until further order of this Court. Between August 2022 and December 2023, the AGC repeatedly directed respondent to submit an answer to both complaints, which respondent failed to do. Although the AGC was unable to effectuate personal service of the subpoenas on respondent, the AGC provided evidence that respondent was aware of the complaints by establishing that on November 17, 2022, and July 11, 2023, respondent spoke to an AGC paralegal regarding the respective complaints. Respondent's persistent failure to comply with the AGC's lawful demands warrants suspension under 22 NYCRR 1240.9 (a)(3) (see Matter of Jenkins, 232 AD3d 7 [1st Dept 2024]).
Accordingly, the AGC's motion should be granted, and respondent is suspended from the practice of law, effective immediately, and until further order of this Court.
All concur.
Wherefore, it is Ordered that the motion by the Attorney Grievance Committee for the First Judicial Department for immediate suspension, pursuant to 22 NYCRR 1240.9(a)(3), is granted, and respondent, Nicholas Patouris, is suspended from the practice of law in the State of New York effective immediately, and until further order of this Court; and
It is further Ordered that, pursuant to Judiciary Law § 90, during the period of suspension, respondent, Nicholas Patouris, is commanded to desist and refrain from (1) the practice of law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and
It is further Ordered that, during the period of suspension, respondent, Nicholas Patouris, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), which are made part hereof; and
It is further Ordered that if respondent, Nicholas Patouris, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith, and
It is further Ordered that, within 20 days of the date of service of this order, respondent Nicholas Patouris, may submit a request, in writing, to this Court for a post-suspension hearing (see 22 NYCRR 1240.9[c]).
Entered: April 1, 2025